1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10
11

BENJAMIN FLOURNOY,
CDCR #F-25814,

Civil No.    10cv1235 MMA (WMc)

12
13

Plaintiff,

**ORDER:**

14

vs.

**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, [Doc. No. 2];**

15
16

 **(2) SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b); and**

17

J. MANNING, et al.,

18
19

**(3) DENYING MOTION TO RECTIFY/CLARIFY AS MOOT**

20

Defendants.

**[Doc. No. 3]**

21
22
23

Plaintiff, Benjamin Flournoy, a state prisoner currently incarcerated at California State

24

Prison, Los Angeles County ("CAL-LAC") located in Lancaster, California and proceeding pro

25

se, has filed a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that his

26

constitutional rights were violated when he was housed at Calipatria State Prison in 2009.

27
28

1   Plaintiff has not prepaid the $350 civil filing fee required by 28 U.S.C. § 1914(a); instead

2   he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a),

3   along with a "Motion to Rectify/Correct Amount of Damages." [Doc. Nos. 2, 3]

## I.

### MOTION TO PROCEED IFP [Doc. No. 2]

6   All parties instituting any civil action, suit or proceeding in a district court of the United

7   States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28

8   U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only

9   if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v.*

10  *Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however,

11  remain obligated to pay the entire fee in installments, regardless of whether the action is

12  ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

13  Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a

14  prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account

15  statement (or institutional equivalent) for the prisoner for the six-month period immediately

16  preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account

17  statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits

18  in the account for the past six months, or (b) the average monthly balance in the account for the

19  past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C.

20  § 1915(b)(1); 28 U.S.C. § 1915(b)(4). That institution having custody of the prisoner must

21  collect subsequent payments, assessed at 20% of the preceding month's income, in any month

22  in which the prisoner's account exceeds $10, and forward those payments to the Court until the

23  entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

24  The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C.

25  § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to

26  28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that

27  he has a current balance of zero and therefore insufficient funds from which to pay filing fees

28  at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be

1   prohibited from bringing a civil action or appealing a civil action or criminal judgment for the

2   reason that the prisoner has no assets and no means by which to pay the initial partial filing

3   fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve"

4   preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack

5   of funds available to him when payment is ordered.").

6          Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and

7   assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the entire $350

8   balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court

9   pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

10                                              **II.**

11          **SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2) AND § 1915A**

12   **A.      Standard**

13          The PLRA also obligates the Court to review complaints filed by all persons proceeding

14   IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused

15   of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or

16   conditions of parole, probation, pretrial release, or diversionary program," "as soon as

17   practicable after docketing."   *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).   Under these

18   provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion

19   thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from

20   defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A; *Lopez v. Smith*, 203

21   F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443,

22   446 (9th Cir. 2000) (§ 1915A).

23          Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte

24   dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130.  An action is

25   frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319,

26   324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing

27   an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of

28   the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection

1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

**B.      Eighth Amendment claims**

Plaintiff claims that on September 18, 2009, "the ventilation system was turned off, due to Plaintiff's heart problems, it became difficult to breathe." (Compl. at 4.)    "The unnecessary and wanton infliction of pain upon incarcerated individuals under color of law constitutes a violation of the Eighth Amendment." *Toguchi v. Chung*, 391 F.3d 1051, 1056-57 (9th Cir. 2004) (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)). A violation of the Eighth Amendment occurs when prison officials are deliberately indifferent to a prisoner's  medical needs. *Id.*; *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976).

To allege an Eighth Amendment violation, a prisoner must  "satisfy both the objective and subjective components of a two-part test." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted).  First, he must allege that prison officials deprived him of the "minimal civilized measure of life's necessities." *Id.* (citation omitted).  Second, he must allege the prison official "acted with deliberate indifference in doing so." *Id.* (citation and internal quotation marks omitted).

A prison official acts with "deliberate indifference ... only if [he is alleged to] know[] of and disregard[] an excessive risk to inmate health and safety." *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1187 (9th Cir. 2002) (citation and internal quotation marks omitted). Under this standard, the official must be alleged to "be aware of facts from which the inference

could be drawn that a substantial risk of serious harm exist[ed]," and must also be alleged to also have drawn that inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson*, 290 F.3d at 1188 (citation omitted). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." *Farmer*, 511 U.S. at 839. "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *McGuckin*, 974 F.2d at 1059 (alteration and citation omitted).

Here, Plaintiff fails to describe with any specificity the nature of his alleged serious medical need. Plaintiff says he has "heart problems" but does not clarify the nature of his condition. Thus, there are no facts from which this Court could find that Plaintiff has a serious medical need. Moreover, Plaintiff fails to describe with any specificity whether he suffered any harm as a result of the lack of ventilation. If Plaintiff is attempting to allege that there was a delay in treatment, there are no facts in the Complaint from which the Court can determine whether he has suffered any injury as a result of the Defendants alleged delay in providing treatment. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (a prisoner can make "no claim for deliberate medical indifference unless the denial was harmful.") Plaintiff has failed to allege any facts from which the Court could find that Defendants acted with deliberate indifference to his serious medical needs.

**C.     Retaliation**

Plaintiff also alleges that he was subjected to "retaliatory abuse" by prison officials. In order to prevail on a claim of retaliation, Plaintiff must be able to prove the following five factors: "(1) An assertion that a state actor took some adverse action against [Plaintiff]; (2) because of (3) [Plaintiff's] protected conduct, and that such action (4) chilled [Plaintiff's] exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *See Rhodes v. Robinson*, 408 F.3d 559, 567-568 (9th Cir. 2005). (citing *Resnick v. Hayes,* 213 F.3d 443, 449 (9th Cir. 2000); *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam)). Plaintiff has alleged no facts to suggest that the actions

of Defendants did not reasonably advance a legitimate correctional goal nor does Plaintiff allege any facts to show that his First Amendment rights were "chilled."  Thus, Plaintiff's First Amendment retaliation claims are dismissed for failing to state a claim upon which § 1983 relief can be granted.

Accordingly, the Court must DISMISS Plaintiff's Complaint for all the reasons set forth above but will provide Plaintiff with the opportunity to amend his Complaint to correct the deficiencies of pleading identified by the Court.  Because the Court is providing Plaintiff leave to file an Amended Complaint, Plaintiff's "Motion to Rectify/Correct Amount of Damages" is **DENIED** as moot.

### III.

#### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1.      Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

2.      The Secretary of the California Department of Corrections and Rehabilitation, or his designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.      The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

**IT IS FURTHER ORDERED** that:

4.      Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

However, Plaintiff is further **GRANTED** forty five (45) days leave from the date this Order is filed in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his previous pleading. *See* S.D. CAL. CIVLR 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

     5.     Plaintiff's "Motion to Rectify/Correct Amount of Damages is **DENIED** [Doc. No. 3] as moot.

     6.     The Clerk of Court is directed to mail a court approved form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED: July 8, 2010

*Michael M. Anello*

Hon. Michael M. Anello
United States District Judge

-7-

10cv1235 MMA (WMc)